UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05275-SVW-KS | Date | July 22, 2016 |
|---|---|---|---|
| Title | *267 Mansfield, LLC v. Vanessa White et al* | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff 267 Mansfield, LLC filed an unlawful detainer action against Defendants Vanessa White and Kevin Williams in the Los Angeles County Superior Court on April 21, 2016. Dkt. 1, Compl. at 1. On July 18, 2016, Defendants removed the case here, alleging federal jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Dkt. 1 ¶¶ 2-3.

There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); 28 U.S.C. § 1441. In seeking removal, the defendant bears the burden of establishing jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Defendants contend that removal is proper in this case because a federal question of "due process rights guaranteed by the Fourteenth Amendment to the United States Constitution" exists as to whether Plaintiff has established standing in its foreclosure action against Defendants. Dkt. 1 ¶ 10.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation and internal quotation marks omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis original). Plaintiff's complaint states a single claim for unlawful detainer, which is purely a matter of California law. On its face, therefore, the complaint shows no basis for federal question jurisdiction.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-05275-SVW-KS | Date | July 22, 2016 |
|---|---|---|---|
| Title | *267 Mansfield, LLC v. Vanessa White et al* | | |

JS - 6

    Nor is there a basis for diversity jurisdiction. Diversity jurisdiction exists in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a). The amount in controversy is determined from the complaint itself, "unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (citation and internal quotation marks omitted). Although Defendant White alleges *her* damages exceed $75,000, it is undisputed that the underlying complaint states that the amount demanded "exceeds $10,000 but does not exceed $25,000." Dkt. 1, Compl. at 1. Defendants have therefore failed to establish diversity jurisdiction.

    The Court lacks jurisdiction over the subject matter of this case. The Clerk shall REMAND the case to the Los Angeles County Superior Court.

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |